**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LETA REGASSA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-72416<br><br>Agency No. A95-575-843<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: REINHARDT, BERZON, and CALLAHAN, Circuit Judges.

Michael Leta Regassa petitions for review of a final order of removal by the

Board of Immigration Appeals ("BIA"). The Immigration Judge ("IJ") found that

Regassa was not credible and had not shown past persecution or a well-founded

fear of future persecution based on a statutorily-protected ground. Accordingly,

the BIA denied Regassa's requests for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

protection under the Convention Against Torture ("CAT").  We conclude that

Regassa has not met his burden of showing that the adverse credibility finding was

not supported by substantial evidence, and therefore deny the petition for review.[1]

Where, as here, the BIA summarily adopts and affirms the IJ's decision, the

court reviews the IJ's decision, and the IJ's adverse credibility determination will

be upheld unless the evidence compels a contrary result.  *Lolong v. Gonzales*, 484

F.3d 1173, 1178 (9th Cir. 2007) (en banc); *Zehatye v. Gonzales*, 453 F.3d 1182,

1185 (9th Cir. 2006).  Adverse credibility findings are reviewed under a substantial

evidence standard,  *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009),

and under this standard, "'administrative findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary.'"  *Zehatye,*

453 F.3d at 1185 (quoting 8 U.S.C. § 1252(b)(4)(B)).  "So long as one of the [IJ's]

identified grounds is supported by substantial evidence and goes to the heart of [the

petitioner's] claim of persecution, we are bound to accept the IJ's adverse

credibility finding."  *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003); *see Kin v.*

*Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010) (stating, in a pre-REAL ID Act case,

that "[a]ny inconsistencies relied upon by the BIA must go to the heart of the

---

[1]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

asylum claim to support an adverse credibility finding.") (citation and footnote reference omitted).[2]

Although we find a number of the IJ's stated grounds for questioning Regassa's credibility to be weak (e.g., questioning his Oromo heritage), the IJ's adverse credibility finding is supported by Regassa's submission of letters allegedly obtained from the Ethiopian police. The forensic expert stated unequivocally that the seals on the purported letters were hand-fabricated and that the letters should not be considered bona fide documents. Although our case law recognizes circumstances in which an alien cannot be held not credible solely because he submits fraudulent documents, the IJ specifically noted that those circumstances do not apply here. Regassa testified that he himself, not a third party, received one of the documents and did so while he was still in Ethiopia. *Cf. Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 912 (9th Cir. 2004) (holding that one fraudulent document obtained by a third person did not support an adverse credibility determination where there was no evidence that petitioner knew or

---

[2] The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, amended the Immigration and Nationality Act § 242, 8 U.S.C. § 1158. For applications filed after 2005, the finder of fact does not have to consider whether an inconsistency goes to the heart of the applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005). This case is not governed by the REAL ID Act, as Regassa filed his asylum application in 2002, before the operative date of the REAL ID Act.

should have known that the document was fraudulent). Regassa has not shown that "any reasonable adjudicator would be compelled to conclude otherwise." *Zehatye*, 453 F.3d at 1185.

Because we find that Regassa has not shown that the adverse credibility finding was not supported by substantial evidence, we do not address the alternate grounds for denial of relief: Regassa's failure to show past persecution or a well-founded fear of future persecution on a protected ground.

For the foregoing reasons, the petition for review is **DENIED**.